**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CARLOS PENA,                           :
                                       :     Civil Action No. 08-0360 (SRC)
            Petitioner,        :
                                       :
            v.                 :     **OPINION**
                                       :
KAREN BALICKI, et al.,        :
                                       :
            Respondents.       :


**APPEARANCES:**

Petitioner pro se                 Counsel for Respondents
Carlos Pena                       Gregory R. Mueller
South Woods State Prison          Sussex Co. Prosecutor's Ofc.
215 Burlington Road South         19-21 High Street
Bridgeton, NJ 08302               Newton, NJ 07860

**CHESLER**, District Judge

     Petitioner Carlos Pena, a prisoner currently confined at

South Woods State Prison in Bridgeton, New Jersey, has submitted

a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  The respondents are Administrator Karen Balicki and the

Attorney General of New Jersey.

     For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

Pursuant to Sussex County Accusation No. 98-05-00154-A, Petitioner was charged with having committed a burglary in March 1995.  Pursuant to Sussex County Indictment No. 96-06-00123-1, Petitioner was charged with murdering his wife in February 1996 and with various related charges, including weapons charges.  As of May 1998, various other criminal complaints were pending against Petitioner.

On May 14, 1998, Petitioner entered into plea agreements with respect to the various charges pending against him.  With respect to the burglary matter, the plea agreement provided that Petitioner would plead guilty to the third-degree burglary charge, for which the statutory maximum sentence was stated to be five years imprisonment.  The charges in two other pending criminal complaints were to be dismissed.  In addition, the plea agreement provided that the prosecutor agreed to recommend that the sentence on this accusation would run concurrent with the sentence on the murder indictment.  Finally, the plea agreement provided that "Defendant acknowledges that this conviction will serve as a basis for an extended term for the conviction of agg manslaughter as set forth in indictment 96-06-00123."

On the same date, Petitioner entered into a plea agreement with respect to the murder indictment.  Petitioner agreed to plead guilty to the lesser-included offense of aggravated

2

manslaughter, the making of terroristic threats, and possession

of a firearm without a permit; various other charges were to be

dismissed.  This plea agreement reflected that the maximum

sentence Petitioner was facing was life imprisonment.  This plea

agreement also reflected that the prosecutor agreed to recommend

that all sentences run concurrently and to recommend a maximum

sentence of life imprisonment with 25 years before being eligible

for parole.  Finally, the plea agreement reflected that an

extended term application would be filed and also reflected

Petitioner's acknowledgement that he would be receiving an

extended term for this aggravated manslaughter conviction.

Petitioner was sentenced pursuant to both plea agreements on

June 26, 1998.  Petitioner was sentenced to a term of five years'

imprisonment on the burglary conviction, with three years' parole

ineligibility.  Petitioner was sentenced to an extended term of

life imprisonment, 25 years without parole, on the aggravated

manslaughter charge, five years' imprisonment on the terroristic

threats charge, and five years' imprisonment on the firearm

charge.  All sentences were imposed to run concurrently, for an

aggregate sentence of life imprisonment with 25 years' parole

ineligibility.  This was the maximum potential penalty set forth

in the plea agreement.

Petitioner appealed, as excessive, the sentences imposed on

the aggravated manslaughter and related convictions under

Indictment No. 96-06-00123-I (the murder and related charges).

On January 21, 1999, the Superior Court of New Jersey, Appellate

Division, held that the sentence "is not manifestly excessive or

unduly punitive and does not constitute an abuse of discretion."

On September 22, 1999, the Supreme Court of New Jersey denied

certification.  State v. Pena, 162 N.J. 131 (1999).

On April 20, 2000, Petitioner filed his first motion for

post-conviction relief in state court, asserting that he received

ineffective assistance of trial counsel in connection with the

plea and sentence, including alleged failures to advise

Petitioner of the penal consequences of his plea, to pursue an

intoxication defense, and to address Petitioner's allegedly

limited ability to read, speak, and understand English.

Following a non-evidentiary hearing, the trial court denied the

PCR motion on September 24, 2003.  On October 26, 2006, the

Appellate Division affirmed the denial of relief.  State v. Pena,

2006 WL 3025516 (N.J. Super. App. Div. Oct. 26, 2006).

> Defendant has provided no competent evidence to
> establish a prima facie case of ineffective assistance
> of counsel.  He has submitted no competent evidence
> that he did not understand the English language at
> every stage of the proceedings and required the
> services of an interpreter or that he was under the
> care of physician or taking medications that would
> interfere with his ability to enter a knowing and
> voluntary guilty plea.  Under these circumstances, an
> evidentiary hearing was not required and the petition
> was properly denied.

2006 WL 3025516 at *2.  The Supreme Court of New Jersey denied

certification on January 31, 2007.  State v. Pena, 189 N.J. 430

(2007).

Petitioner filed a second state motion for post-conviction

relief on October 1, 2007, asserting the same claims asserted in

the first such petition.  Petitioner's second PCR motion was

dismissed on January 9, 2009.  The dismissal order indicates that

the judge found "no good cause" for the second PCR motion.

This Petition, dated January 14, 2008, followed.  Petitioner

asserts four grounds for habeas relief, all with respect to the

convictions under the murder indictment: (A) New Jersey's

sentencing scheme is unconstitutional because it permits

aggravating factors not admitted by the petitioner in his guilty

plea to be found by judges by a preponderance of the evidence;

(B) the sentencing court failed to take into account mitigating

factor eight under N.J.S.A. 2C:44-1B; (C) the prosecutor cannot

be guaranteed by the judge that a particular sentence will be

imposed nor can the prosecution place any restrictions on counsel

during such a critical stage of the criminal proceedings; (D)

N.J.S.A. 2C:44-5 is unconstitutional because it permits a court

to impose consecutive sentences based on judge-made findings.  In

the "Conclusion" of his brief in support of his Petition,

Petitioner characterizes these "errors" as evidence of

ineffective assistance of trial counsel.

Respondents assert that claim (B) is a state-law claim which does not provide a basis for federal habeas relief, that the other claims are unexhausted, and that all claims are, nevertheless, meritless.  Petitioner has not filed a reply.  This matter is now ready for disposition.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the

state court confronts a set of facts that are materially

indistinguishable from a decision of th[e] Court and nevertheless

arrives at a result different from [the Court's] precedent."

Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J.,

for the Court, Part II).  A state court decision "involve[s] an

unreasonable application" of federal law "if the state court

identifies the correct governing legal rule from [the Supreme]

Court's cases but unreasonably applies it to the facts of the

particular state prisoner's case," and may involve an

"unreasonable application" of federal law "if the state court

either unreasonably extends a legal principle from [the Supreme

Court's] precedent to a new context where it should not apply or

unreasonably refuses to extend that principle to a new context

where it should apply," (although the Supreme Court expressly

declined to decide the latter).  Id. at 407-09.  To be an

"unreasonable application" of clearly established federal law,

the state court's application must be objectively unreasonable.

Id. at 409.  In determining whether the state court's application

of Supreme Court precedent was objectively unreasonable, a habeas

court may consider the decisions of inferior federal courts.

Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits

of a claim is entitled to § 2254(d) deference.  Chadwick v.

Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v.

7

Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims

presented to, but unadjudicated by, the state courts, however, a

federal court may exercise pre-AEDPA independent judgment.  See

Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000),

cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL

1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell,

290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and

cases discussed therein).

     The deference required by § 2254(d) applies without regard

to whether the state court cites to Supreme Court or other

federal caselaw, "as long as the reasoning of the state court

does not contradict relevant Supreme Court precedent."  Priester

v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v.

Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19

(2002)).

     Although a petition for writ of habeas corpus may not be

granted if the Petitioner has failed to exhaust his remedies in

state court, a petition may be denied on the merits

notwithstanding the petitioner's failure to exhaust his state

court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v.

Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v.

Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

     Finally, a pro se pleading is held to less stringent

standards than more formal pleadings drafted by lawyers.  Estelle

8

v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).]

### III.   ANALYSIS

A.   Sentencing Claims

Petitioner contends that New Jersey's sentencing scheme is unconstitutional because (1) it permits aggravating factors not admitted by the prisoner in his guilty plea to be found by judges by a preponderance of the evidence, rather than by a jury under the Sixth Amendment "beyond a reasonable doubt" standard, see N.J.S.A. 2C:44-1f(1), and (2) it permits a court to impose consecutive sentences based on such judge-made findings, see N.J.S.A. 2C:44-5.  Thus, Petitioner contends that the trial judge improperly sentenced him to a term greater than the presumptive term for aggravated manslaughter, in violation of the rule announced in Blakely v. Washington, 542 U.S. 296 (2004), described more fully below.

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or

enhanced by indigencies." See Grecco v. O'Lone, 661, F.Supp.
408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to
a state court's discretion at sentencing is not reviewable in a
federal habeas proceeding unless it violates a separate federal
constitutional limitation.  See Pringle v. Court of Common Pleas,
744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a);
Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497
U.S. 764, 780 (1990).  Petitioner's claim is based upon the Sixth
Amendment right to trial by jury.

In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000),
pursuant to the Sixth Amendment right to trial by jury, the
Supreme Court held that "[o]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt."  In Blakely v.
Washington, 542 U.S. 296 (2004), the Supreme Court overturned a
sentence imposed under Washington state's sentencing system,
explaining that "the relevant statutory maximum is not the
maximum sentence a judge may impose after finding additional
facts, but the maximum he may impose without any additional
findings."  542 U.S. at 302 (internal quotations omitted).  Most
recently, in United States v. Booker, 543 U.S. 220 (2005), the
Supreme Court applied the rule of Apprendi to the United States

Sentencing Guidelines, finding the Guidelines unconstitutional,

and rendering them merely advisory, rather than mandatory.

In State v. Natale, 184 N.J. 458 (N.J. 2005), the Supreme

Court of New Jersey evaluated the constitutionality of the New

Jersey sentencing scheme in light of the Apprendi line of cases.

> Our Code provisions make clear that, before any
> judicial factfinding, the maximum sentence that can be
> imposed based on a jury verdict or guilty plea is the
> presumptive term.  Accordingly, the "statutory maximum"
> for Blakely and Booker purposes is the presumptive
> sentence.

Natale, 184 N.J. at 484.  Because the Code's system allows for

sentencing beyond the statutory maximum presumptive term, the

Supreme Court of New Jersey found the state sentencing system

unconstitutional and determined that the appropriate remedy would

be to follow the lead of Booker and abolish the presumptive

terms.  "Without presumptive terms, the 'statutory maximum'

authorized by the jury verdict or the facts admitted by a

defendant at his guilty plea is the top of the sentencing range

for the crime charged, e.g., ten years for a second-degree

offense."  Natale, 184 N.J. at 487 (citation omitted).  The

Supreme Court of New Jersey held that the rule it announced in

Natale is applicable retroactively only to cases in the direct

appeal pipeline as of the date of that decision, August 2, 2005.

Natale, 184 N.J. at 494.  Petitioner had already concluded his

direct appeals by the date of the Natale decision; thus, the

Natale decision would not entitle him to relief in state court.

Similarly, the Court of Appeals for the Third Circuit generally has held that the rules announced in the Apprendi line of cases are not applicable retroactively to cases on federal collateral review.  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the supreme Court in Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (holding that Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review).  See also United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).  Thus, in this collateral proceeding, Petitioner is not entitled to relief on the claim that his life sentence was imposed based upon judicial fact-finding, in violation of the Sixth Amendment right to trial by jury.

The appellate courts of New Jersey also have rejected the argument that the imposition of consecutive sentences implicates the Blakely line of cases or otherwise violates the Sixth Amendment right to a jury trial.[1]

---

[1] All documentation provided to this Court indicates that Petitioner was sentenced to concurrent terms on all charges. Accordingly, on that basis alone, this claim appears to be meritless.  Out of an abundance of caution, however, in the event the record provided to this Court is incomplete and Petitioner

> Under our sentencing scheme, there is no presumption in favor of concurrent sentences and therefore the maximum potential sentence authorized by the jury verdict is the aggregate of sentences for multiple convictions. See N.J.S.A. 2C:44-5(a).  In other words, the sentencing range is the maximum sentence for each offense added to every other offense. ...
>
> In that vein, consecutive sentences do not invoke the same concerns that troubled the Supreme Court in Apprendi, supra, Blakely, supra, and Booker, supra.  As in any indeterminate sentencing scheme, the jury verdict in this case allowed the judge to impose a consecutive or concurrent sentence within the maximum range based on the sentencing court's discretionary findings.

State v. Abdullah, 184 N.J. 497, 514-15 (2005).  See also State v. Pittman, 2006 WL 561278, *2 (N.J. Super. App.Div. March 9, 2006), certif. denied, 186 N.J. 604 (2006) ("Because 'there is no presumption in favor of concurrent sentences,' findings relevant to consecutive sentences need not be made by a jury."  (quoting State v. Abdullah, 184 N.J. at 513)).

This Court agrees.  Where, as here, there is no presumption under state law in favor of concurrent sentences, consecutive sentences do not exceed the prescribed statutory maximum sentence; thus, the Sixth Amendment right to a jury trial is not implicated.  Petitioner is not entitled to relief on this ground.

---

was sentenced to consecutive terms, the Court will address this issue.

B.    Consideration of Mitigating Factors

Petitioner contends that the sentencing court erred by
failing to take into consideration mitigating factor eight under
N.J.S.A. 2C:44-1b.

It is well-established that the violation of a right created
by state law is not cognizable as a basis for federal habeas
relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have
stated many times that 'federal habeas corpus relief does not lie
for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S.
764, 680 (1990))).  See also 28 U.S.C. § 2254(a) ("[A] district
court shall entertain an application for a writ of habeas corpus
on behalf of a person in custody pursuant to the judgment of a
State court only on the ground that he is in custody in violation
of the Constitution or laws or treaties of the United States."
(emphasis added)).  Accordingly, Petitioner is not entitled to
federal habeas relief on this ground.[2]

C.    Sentencing Pursuant to Plea Agreement

Petitioner contends that, in connection with sentencing
pursuant to a plea agreement, the prosecutor cannot be guaranteed
by the judge that a particular sentence will be imposed nor can
the prosecution place any restrictions on counsel during such a
critical stage of the criminal proceedings.  More specifically,

---

[2] This Court expresses no opinion as to whether the sentence
violates state law as alleged by Petitioner.

Petitioner asserts that his counsel made a deficient argument at

sentencing, theoretically based upon some agreement with the

prosecutor, which this Court construes as a claim that Petitioner

was deprived of the Sixth Amendment right to effective assistance

of counsel.[3]   Respondents have construed this allegation as a due

---

[3] The Counsel Clause of the Sixth Amendment provides that a
criminal defendant "shall enjoy the right ... to have the
Assistance of Counsel for his defence."  U.S. Const. amend. VI.
The right to counsel is "the right to <u>effective</u> assistance of
counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)
(emphasis added).

To prevail on a claim of ineffective assistance of counsel,
a habeas petitioner must show both that his counsel's performance
fell below an objective standard of reasonable professional
assistance and that there is a reasonable probability that, but
for counsel's unprofessional errors, the outcome would have been
different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694
(1984).  A "reasonable probability" is "a probability sufficient
to undermine confidence in the outcome."  <u>Strickland</u> at 694.
Counsel's errors must have been "so serious as to deprive the
defendant of a fair trial, a trial whose result is reliable."
<u>Id.</u> at 687.  "When a defendant challenges a conviction, the
question is whether there is a reasonable probability that,
absent the errors, the factfinder would have had a reasonable
doubt respecting guilt."  <u>Id.</u> at 695.

The performance and prejudice prongs of <u>Strickland</u> may be
addressed in either order, and "[i]f it is easier to dispose of
an ineffectiveness claim on the ground of lack of sufficient
prejudice ... that course should be followed."  <u>Id.</u> at 697.

There is "a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance."
<u>Strickland</u>, 466 U.S. at 689.  As a general matter, strategic
choices made by counsel after a thorough investigation of the
facts and law are "virtually unchallengeable," though strategic
choices "made after less than complete investigation are
reasonable precisely to the extent that reasonable professional
judgments support the limitations on investigation."  <u>Id.</u> at 690–
91.  If counsel has been deficient in any way, however, the
habeas court must determine whether the cumulative effect of

process claim.   Whether construed as a claim of due process

violation or ineffective assistance of counsel, it is meritless.

     The plea agreements set forth the potential maximum sentence

to which Petitioner could be subjected.   Plaintiff entered his

guilty plea on May 14, 1998.   A pre-sentence report was prepared

on May 29, 1998.   Petitioner made no substantial corrections to

that report, which was delivered to the trial court for its

consideration.   Prior to sentencing, the trial court received

letters from Petitioner and his relatives.   During the sentencing

hearing on June 26, 1998, Petitioner's counsel argued strenuously

in favor of mitigation and against consideration of various

aggravating circumstances.   In delivering sentence, the trial

judge indicated that he had reviewed all the documentation and

argument submitted, including psychiatric reports, and provided

detailed reasons for his sentence.

     Petitioner, himself, concedes that he has no evidence of

impropriety in connection with the plea or sentencing.

>        Here, counsel made a minimum argument at best and
>    the inference can be drawn that this was due to the
>    prosecution.   Counsel did not argue the mitigating
>    factor [eight]. ...
>
>        Any restriction may have very well deterred
>    counsel from arguing that the Petitioner was not being
>    sentenced to the appropriate degree and was in fact, a
>    candidate for a downgraded sentence ..., which permits

---

counsel's errors prejudiced the defendant within the meaning of
Strickland.   See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d
Cir. 1996).

the Court to sentence the Petitioner to a term more
appropriate to a crime that is proper and one degree
lower, if it is clearly convinced that the mitigating
factors substantially outweigh the aggravating factors
and more importantly, where the interest of justice
demands.

It is unclear how or why any restriction was
agreed upon and or implemented.  However, it would
appear that counsel was under some type of restraints
by the Prosecution, or it is simply just another
example of counsel ineffectiveness.  If there was any
type of restriction verbally or written, the Petitioner
was deprived of effective assistance of counsel during
a critical stage of the criminal proceeding.

Nevertheless, Petitioner was entitled to an
effective and forceful argument to the sentencing court
by his counsel, stressing that the nature of and
relevant surrounding circumstances pertaining to the
offense and the "facts personal to Petitioner"
justified invocation of the downgrading provision.

In short, the Petitioner cannot say with exact
confidence that there was such a restriction upon
defense counsel.  However, do [sic] to his meaningless
argument it can be speculate at best that there was.

(Petitioner's Brief at 9-11.)

Petitioner's suggestion that there was some sort of

agreement among his counsel, the judge, and the prosecutor to

impose the maximum sentence, or to avoid making an appropriate

argument for less than the maximum sentence, is mere speculation

on Petitioner's part.  The record reflects that Petitioner's

counsel made a strenuous argument for a sentence at the lower end

of the applicable range and that the trial judge provided ample

reasons for rejecting that argument and for imposing the maximum

sentence.  Petitioner has established neither a deprivation of

17

his right to due process nor ineffective assistance of counsel. Petitioner is not entitled to relief on this claim.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


                                        s/ Stanley R. Chesler
                                       Stanley R. Chesler
                                       United States District Judge

Dated: February 4, 2009